UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND TAVARES and TITO KEE,

        Plaintiff,

-against-

THE CITY OF NEW YORK, Detective RUDY ANZALONE, Shield No. 5617, Lieutenant JOHN RYAN, Shield No. 497, Sergeant RAMON FIALLO, Police Officer JOHN DOE ONE through TEN in their individual and official capacities as employees of the City of New York,

        Defendants.
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

    The Plaintiffs, RAYMOND TAVARES and TITO KEE, by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this First Amended Complaint:

### INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

### PARTIES, VENUE AND JURISDICTION

2. Plaintiff RAYMOND TAVARES is a resident of Richmond County in the City and State of New York and of proper age to commence this lawsuit.

3. Plaintiff TITO KEE is a resident of Richmond County in the City and State of New York and of proper age to commence this lawsuit.

4. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

5. At all relevant times hereinafter mentioned, defendant detective RUDY ANZALONE, Shield No. 5617, was employed by the City of New York as a member of the NYPD. Anzalone is sued in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant Lieutenant JOHN RYAN, Shield No. 497, was employed by the City of New York as a member of the NYPD. Ryan is sued in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendant Sergeant RAMON FIALLO, was employed by the City of New York as a member of the NYPD. Fiallo is sued in his individual and official capacities.

8. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

9. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

10. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **FACTUAL ALLEGATIONS**

11. On or about December 31, 2015, at approximately 11:30 pm, plaintiffs were in the area of 705 Henderson Avenue in the County of Richmond, City and State of New York.

12. Defendant officers including defendant Anzalone, Ryan, and Fiallo approached plaintiffs without justification or provocation and arrested plaintiffs.

13. Defendants than handcuffed plaintiffs and transported plaintiffs to the 120th Precinct.

14. While at the precinct, one of the officers at the scene assaulted plaintiff Tito Kee punching plaintiff about his face and body.

15. Plaintiff Kee was in severe pain and asked for medical assistance.

16. Defendants denied plaintiff Kee's requests for medical assistance for some time and later transported plaintiff to Richmond University Medical Center where plaintiff's injuries were assessed and treated.

17. Plaintiff Kee was then transferred back to the 120 Precinct station house where defendants further assaulted and brutalized plaintiff Kee.

18. At no point in time was it reasonable or necessary to use any force against the plaintiff Kee, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

19. While at the station house, defendant Anzalone created arrest paperwork in which he claimed that he observed plaintiffs committing various crimes.

20. At no point did the defendant observe plaintiffs committing any crimes or offenses.

21. Anzalone and the other defendants knew, at the time that Anzalone was drafting the arrest paperwork, that plaintiffs had not engaged in the conduct as alleged.

22. The defendants each knew that these allegations were being drafted, and that they would be forwarded to the Richmond County District Attorney's Office (RCDA) in order to cover up their misconduct and to persuade the RCDA to initiate criminal charges against plaintiffs.

23. The defendants knew and understood that the RCDA, in evaluating whether to commence a criminal prosecution against plaintiffs, would rely on the truthfulness of their factual claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

24. Ultimately plaintiffs were transported from the police precinct to the Richmond Central Booking and then to Rikers Island where plaintiffs spent several days in custody.

25. All charges against plaintiffs were false and dismissed on July 13, 2016.

26. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

27. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiffs and the affirmative efforts to cover up that assault thereafter.

28. The defendants attempted to cover up their use of excessive force against plaintiff Kee by lying about their actions and otherwise failing to report their actions.

29. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiffs, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

30. Thus, each defendant is responsible for the assault on plaintiffs and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

31. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CAUSE OF ACTION
### (§1983 Claim Against the Individual Defendants)

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. The defendants, individually and collectively, used physical force against plaintiff KEE TITO that was unreasonable and unnecessary, and wholly without justification.

34. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiffs.

35. To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff Kee or the fabrication of evidence concerning plaintiffs' arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

36. By so doing, the individual defendants subjected plaintiffs to excessive force, false arrest, and thereby violated, and aided and abetted in the violation of, plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, and the deprivation of their liberty and the loss of their constitutional rights.

**SECOND CAUSE OF ACTION**
(*Monell* **Claim Against the Municipal Defendant**)

38. Plaintiff repeats the preceding allegations as though stated fully herein.

39. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

40. Upon information and belief, the municipal defendant was on notice prior to December 31, 2015, that the individuals defendants had a history of engaging in misconduct, including, but not limited to, unlawful and otherwise unjustified acts of violence and other misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

41. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

42. Notwithstanding the litany of complaints concerning the

defendants' prior use of excessive force, the City of New York continued to employ the defendants without any change in their status.

43. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that he had not and would not engage in such blatant misconduct.

44. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

45. Such actions by the City of New York are a reflection of the municipal defendant's repeated and untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular,

interact.

46. These actions further reflect a policy, custom, and practice, or a ratification thereof through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

47. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

48. The City's failure to act in the face of overwhelming evidence that the defendants were prone to excessive and unnecessary violence against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

49. By reason thereof, the municipal defendant has violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION
### (State Law Assault, Battery, and Excessive Force Claim Against All Defendants)

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. The individual defendants are liable to plaintiffs for assault, battery, and excessive force, under New York state law.

52. The municipal defendant is vicariously liable to the plaintiffs for this assault, battery, and excessive force, as the individual defendants were acting within the scope of their employment with, and were otherwise acting on behalf of, the City of New York.

53. By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical injuries and mental anguish

### FOURTH CAUSE OF ACTION
### (Malicious Prosecution Against All Defendants)

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution,

which was resolved in plaintiff's favor.

57. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CAUSE OF ACTION
(**State Law Malicious Prosecution Against All Defendants**)

58. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

60. Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with various crimes. Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

61. The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

62. All charges were terminated in plaintiffs' favor.

63. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

64. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CAUSE OF ACTION
### (State Law Negligent Hiring, Training, Retention, and Supervision Claim Against the Municipal Defendant)

65. Plaintiffs repeat the preceding allegations as though stated fully herein.

66. The municipal defendant owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injuries to plaintiffs, or other people similarly situated, would probably result from the foregoing conduct.

67. Upon information and belief, the individual defendants were unfit and incompetent for their positions or were otherwise likely to utilize unnecessary and excessive force against civilians, fabricate evidence, and engage in similar misconduct.

68. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, supervising, and retaining these defendants proximately caused each of plaintiffs' injuries.

70. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:    March 12, 2018
          Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York