

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHRISTOPHER D. DELUCA**
*Assistant Corporation Counsel*
Phone: (212) 356-3535
Fax: (212) 356-3509
Email: cdeLuca@law.nyc.gov

June 13, 2018

**BY ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    <u>Raymond Tavares, et al., v. City of New York, et al.</u>, 17-cv-05221 (KAM) (RLM)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, handling the defense of the above-referenced matter. In that capacity, I write to respectfully request that the Court: (1) compel plaintiffs to provide an updated computation of damages for each plaintiff, with the proper information and documentation of those damages on pain of sanctions; (2) compel plaintiffs to produce complete responses to defendants' discovery demands on pain of sanctions; and (3) grant a corresponding extension of time of discovery until August 13, 2018 for the limited purpose of obtaining outstanding discovery from plaintiffs and for defendants to conduct depositions of both plaintiffs. This is the first request for a limited extension of discovery, and is made with the consent of plaintiffs' counsel, Amy Rameau, Esq.

**I. Discovery History.**

       By way of background, plaintiffs commenced this action on September 6, 2017 alleging, *inter alia,* that plaintiffs Raymond Tavares and Tito Kee were falsely arrested and subsequently maliciously prosecuted. (<u>See</u> generally Docket Entry No. 1). In December of 2017, the parties exchanged their Initial Disclosures and defendants served plaintiffs with Notices of Depositions for both plaintiffs. Plaintiff also served their First Set of Interrogatories and First Request for Production of Documents in December of 2017, to which defendants subsequently responded to. Defendants further supplemented their Initial Disclosures two additional times, and plaintiffs supplemented their Initial Disclosures[1] one additional time.

**II. Plaintiffs' Failure to Fully Respond to Defendants' Discovery Demands.**

---

[1] Defendants note that plaintiffs' supplemental disclosures dated December 22, 2017 contains a video file that is essentially unwatchable due to its blurry nature. Defendants have requested a more clear copy of said video file, which upon information and belief is in plaintiffs' possession, yet to date, plaintiffs have not provided the requested video file. This is discussed more thoroughly in Part II, subsection 3, of this motion.

On December 15, 2017[2] defendants served plaintiffs with Defendants' First Set of Interrogatories and Request for Production of Documents (hereinafter "Defendants' First Discovery Requests)" (See Exhibit A). On March 7, 2018, defendants received, via first class mail, Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories and First Request for Production of Documents. (See Exhibit B). On May 11, 2018, defendants served plaintiffs with a Discovery Deficiency Letter dated May 11, 2018 outlining plaintiffs' deficiencies in their Initial Disclosures as well as deficiencies in their responses to Defendants' First Discovery Requests. (See Exhibit C). The letter asked plaintiffs to provide the requested information "as soon as possible, but in any event no later than May 22, 2018. (Id.). On June 6, 2018, the undersigned sent Ms. Rameau an email informing her that plaintiffs' responses to the Discovery Deficiency Letter still have not been received, to which Ms. Rameau responded that she would provide plaintiffs' responses and executed releases by June 8, 2018. (See Exhibit D). On June 8, 2018, defendants received, via email, a letter dated June 8, 2018, which plaintiffs purport to be their responses to defendants' Discovery Deficiency Letter, which still contained multiple deficiencies and failed to provide multiple executed releases. (See Exhibit E). In light of the foregoing, defendants respectfully request the Court compel plaintiffs to produce and/or identify the following by a date certain on pain of sanctions:

1. <u>An updated computation of damages for each plaintiff, with the proper information and documentation of those damages</u>: In plaintiffs' June 8, 2018 letter, they still did not provide an updated computation of damages for each plaintiff, which they are obligated to provide pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii).

2. <u>Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness</u>. (See Interrogatory No. 1). At the initial settlement conference held on February 27, 2018, plaintiffs' counsel brought and allowed the undersigned to view video surveillance depicting a portion of the Incident described in the complaint. The video depicted an individual standing on the sidewalk next to who is believed to be plaintiff Tito Kee. However, plaintiffs still have not provided the home and business addresses and telephone numbers of this individual. (See Exhibit E).

3. <u>All medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiffs within the past ten (10) years.</u> (See Interrogatory No. 7): Since plaintiff Tito Kee is claiming he suffered physical injuries resulting from the Incident, defendants are entitled to review Tito Kee's prior medical records including records from counseling services to determine whether he may have suffered from any pre-existing injury or condition. This is directly relevant to the claims and damages in this action. See FED. R. CIV. P. 26 (b)(1). As such, any medical treatment provided to Tito Kee over the last ten years is relevant to determine the nature, extent, and cause of plaintiff's alleged injuries and any alternate theories of causation. If Tito Kee sought medical or psychological treatment for other injuries and not for the instant matter, it would go to the extent of plaintiffs' current alleged injuries. See, e.g., Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.) (compelling plaintiff to

---

[2] The undersigned notes that in the attached Discovery Deficiency Letter dated May 11, 2018, the undersigned incorrectly stated that Defendants' First Discovery Requests were served on December 16, 2017, when in fact, they were served on December 15, 2017.

identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident); Schenk v. City of New York, No. 08-CV-914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases").

4. <u>Produce all photographs and other audio-visual materials documenting the Incident, and all injuries that resulted from the Incident, including injuries to person and property. Defendants request exact duplicates of the original photographs and audio-visual materials</u>. (See Document Request No. 4). Even though defendants received the video footage plaintiffs refer to as P004, plaintiffs still have not produced additional video footage which plaintiffs' counsel allowed the undersigned and Your Honor to view at the initial settlement conference on February 27, 2018. The copy of P004 that defendants possess contains three video files, one of which is extremely blurry and is difficult to view. At the initial settlement conference all parties and Your Honor viewed what may be a more clear copy of this video file or another video file, yet plaintiffs still have not provided said video file to defendants. The video file that was viewed at the settlement conference is essential to the preparation of defendants' case and to continue to assess plaintiffs' claims.

5. <u>Complete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident</u>. (See Document Request No. 11): Since Tito Kee is claiming he suffered physical injuries resulting from the Incident, defendants are entitled to review Tito Kee's prior medical records including records from counseling services to determine whether he may have suffered from any pre-existing injury or condition. This is directly relevant to the claims and damages in this action. See FED. R. CIV. P. 26 (b)(1). As such, any medical treatment provided to Tito Kee over the last five years is relevant and necessary to determine the nature, extent, and cause of plaintiff's alleged injuries and any alternate theories of causation. If Tito Kee sought medical or psychological treatment for other injuries and not for the instant matter, it would go to the extent of plaintiffs' current alleged injuries. See, e.g., Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.) (compelling plaintiff to identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident); Schenk v. City of New York, No. 08-CV-914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases").

Accordingly, defendants respectfully request the Court to: (1) compel plaintiffs to provide an updated computation of damages for each plaintiff, with the proper information and documentation of those damages on pain of sanctions; (2) compel plaintiffs to produce complete responses to defendants' discovery demands on pain of sanctions; and (3) grant a corresponding extension of time of discovery until August 13, 2018 for the limited purpose of obtaining outstanding discovery from plaintiffs and for defendants to conduct depositions of both plaintiffs upon receiving same.

Thank you for your consideration herein.

              Respectfully submitted,
                /s/
              Christopher D. DeLuca
              Assistant Corporation Counsel
              Special Federal Litigation Division

cc: Amy Rameau, Esq. (By ECF)
   Attorney for Plaintiffs
   16 Court Street, Suite 2504
   New York, New York 10007