UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

RAYMOND TAVARES AND TITO KEE,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, et. al.,

                                    Defendants.

----------------------------------------------------------X

**PLAINTIFFS'
OBJECTIONS AND
RESPONSES TO
DEFENDANTS' FIRST SET
OF INTERROGATORIES
AND FIRST REQUEST
FOR PRODUCTION
OF DOCUMENTS**

17 CV 05221 (KAM)(RLM)

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, plaintiffs, RAYMOND TAVARES and TITO KEE, by their attorneys, the Rameau Law Firm object and respond to "Defendants' First Set of Interrogatories and First Request for Production of Documents."

## GENERAL OBJECTIONS

1.      By responding to any request, plaintiffs do not concede the materiality of the subject to which it refers. Plaintiffs' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding, including the trial of this action or any subsequent proceeding.

2.      Plaintiffs object to these Interrogatories and Document Requests to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter or the information contained therein, or of plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Plaintiffs object in the entirety to any request for information or production from entities not represented by the Rameau Law Firm or the Lumer Law Group.

5.        Plaintiffs further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by plaintiffs in response to the Interrogatories.

6.        Plaintiffs also object to the Definitions and Instructions to the extent that they invoke obligations beyond that which is required under the Federal Rules of Civil Procedure.

7.        Plaintiffs will continue to search for information responsive to defendants' requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to plaintiffs' counsel.

8.        Plaintiffs also reserve the right to object to the future disclosure of any such information.

<strong>INTERROGATORIES</strong>

**INTERROGATORY 1.**        Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

**OBJECTION AND RESPONSE TO INTERROGATORY 1.**

Plaintiffs object to Interrogatory No. 1 on the grounds that the use of the term "Incident" is vague and ambiguous an unintelligible in part. Notwithstanding, and without waiving or in any way limiting the foregoing objections, plaintiffs respond as follows:

> 1. Witnesses listed in plaintiffs and defendants' Initial Disclosures and discovery responses;

Plaintiffs will supplement this response to the extent that additional witnesses' identities become known.

**INTERROGATORY 2.**        Identity any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by plaintiffs or any other person that relate to the claims and/or subject matter of this litigation.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiffs object to this request as being overly broad in scope and time, calls for the production of core attorney work product and attorney client privilege, and not reasonably calculated to lead to the discovery of relevant information. Subject to these and the general objections, plaintiffs refer defendants to the documents already produced in discovery by all parties.

**INTERROGATORY 3.**        Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by the City of New


NYC LAW DEPARTMENT
CORPORATION COUNSEL
RECEIVED BY MAIL
2018 MAR 2

York, or its agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

**RESPONSE TO INTERROGATORY NO.3.**

Plaintiffs refer defendants to their responses to Interrogatories No. 1-2. Plaintiffs further urge defendants to confer or consult with the defendants to better determine what responses statement were prepared by the defendants but not shared with the plaintiffs by the defendants.

**INTERROGATORY 4.**            Identify all injuries claimed by plaintiffs as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state.

**RESPONSE TO INTERROGATORY 4.**

Plaintiffs object to this interrogatory on the grounds that it is beyond the scope permissible under Local Rule 33.3.

**INTERROGATORY 5**.            Identify all economic injuries claimed by plaintiffs as a result of the Incident including, but not limited to, expenditures for medical psychiatric or psychological treatment; lost income; property damage; and attorney's fees. Identify the specific amounts claimed for each injury.

**RESPONSE TO INTERROGATORY 5**.

Plaintiffs object to Interrogatory No. 5 on the grounds that it is beyond the scope permissible under Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving, the foregoing objections, plaintiffs are still seeking responsive information in terms of any and all receipts for the damaged property and outstanding medical bills or demands for payment for medical services provided that may be asserted in the future. Plaintiffs will also incur future medical costs and expenses in amounts not yet known to or knowable by plaintiffs.

**INTERROGATORY 6**.            Identify all of plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

**RESPONSE TO INTERROGATORY 6**.

Plaintiffs object to this request on the grounds that it is beyond the scope permitted by Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY 7**.    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years.

**RESPONSE TO INTERROGATORY 7**. Plaintiffs object to this request on the grounds that it is beyond the scope permitted by Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this Interrogatory seeks highly personable and private information wholly unrelated to this action, some or all of which is covered by the doctor/patient privilege.

**INTERROGATORY 8**.    Have plaintiffs applied for worker's compensation within the past ten (10) years? If so, identify each employer who provided worker's compensation to plaintiff.

**RESPONSE TO INTERROGATORY 8**.

Plaintiffs refer defendants to their response to Interrogatory 6.

**INTERROGATORY 9**.    Have plaintiffs applied for social security disability benefits within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiffs.

**RESPONSE TO INTERROGATORY 9.**    Plaintiffs refer defendants to their response to Interrogatory 7.

**INTERROGATOY 10.**    Have plaintiffs applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city or other jurisdiction that provided Medicare and/or Medicaid to plaintiffs.

**RESPONSE TO INTERROGATORY 10.**

Plaintiffs refer defendants to their response to Interrogatory 7.

**INTERROGATORY 11**.    Have plaintiffs made claim with any insurance carrier for physical, mental or emotional injuries with [sic] the past ten (10) years? If so, identify each claim by date, injury and insurance carrier.

**RESPONSE TO INTERROGATORY 11**.

Plaintiffs refer defendants to their response to Interrogatory 6.

**INTERROGATORY 12**.    Identify all government agencies to whom plaintiffs made complaints regarding the Incident including, but not limited to, Inspector General's ("IG's"), Office, Board of Correction and Department of Investigation.

**RESPONSE TO INTERROGATORY 12.**

Plaintiffs have not made complaints regarding this incident to a government agency.

**INTERROGATORY 13**.        Identify each occasion on which plaintiffs have been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiffs were arrested, and the amount of time that plaintiffs spent incarcerated.

**RESPONSE TO INTERROGATORY 13.**    Plaintiffs refer defendants to their response to Interrogatory 7.

**INTERROGATORY 14**.      Identify each occasion in which plaintiffs has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

**RESPONSE TO INTERROGATORY 14**.

Plaintiffs refer defendants to their response to Interrogatory 6.

**INTERROGATORY 15**.      Identify each lawsuit to which plaintiffs have been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

**RESPONSE TO INTERROGATORY 15.**

Plaintiffs refer defendants to their responses to Interrogatory 6.

**INTERROGATORY 16**.        Identify each occasion on which plaintiffs have given testimony or statements regarding the subject of this lawsuit.

**RESPONSE TO INTERROGATORY 16**.

Subject to the general objections, Plaintiffs have not given testimony or statements regarding the subject of this lawsuit.

**INTERROGATORY 17**.        Identify all treating physicians and other medical providers that plaintiffs intend to call at the time of trial.

**RESPONSE TO INTERROGATORY 17**. Plaintiffs object to Interrogatory No. 17 on the grounds that it is premature, and to the extent it seeks information protected by the attorney work-product privilege.

**INTERROGATORY NO. 18.** Identify all experts that plaintiff expects to call at the time of trial, all correspondence between counsel for plaintiff and any such experts, any notes taken by any such experts and provide all disclosures required pursuant to Federal Rule 26(a)(2).

**RESPONSE TO INTERROGATORY 18**.

Plaintiffs object to Interrogatory No. 18 on the grounds that it is premature, and to the extent it seeks information protected by the attorney work-product privilege.

**INTERROGATORY 19**.        Identify all documents prepared by plaintiffs or any other person that relate to the Incident, claims and subject matter of this litigation.

**RESPONSE TO INTERROGATORY 19**.

Plaintiffs object to Interrogatory No. 19 on the grounds that it is unintelligible, vague, ambiguous, overly broad, and to the extent it seeks the identification of documents not in plaintiffs' possession, custody or control. Plaintiff also objects to the extent it seeks the identification of documents that would be protected by the attorney-client or work product privilege or prepared in contemplation of litigation. Notwithstanding and without waiving or in any way limiting the foregoing objections, plaintiff refers the defendants to the pleadings, summonses, all documents filed with the Court, and those documents exchanged by the parties, as well as all those still in defendants' possession that have not yet been produced.

**INTERROGATORY 20.**        Identify all Freedom of Information Law requests and any responses thereto, made by plaintiffs or by anyone on plaintiffs' behalf, concerning plaintiff's claim in this litigation.

**RESPONSE TO INTERROGATORY 20**.

Plaintiffs have not made a request pursuant to the Freedom of Information Law, and has no knowledge of anyone making a request on his behalf.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST 1**.        Produce all documents identified in the preceding Interrogatories.

**RESPONSE TO DOCUMENT REQUEST 1**.

All responsive documents in plaintiffs' custody, control and possession have already been produced, or came into plaintiffs' custody, control and possession through defendants' production of the parties' Initial Disclosures and/or discovery.

**DOCUMENT REQUEST 2.**        Produce all documents regarding the Incident referred to in plaintiff's complaint, including documents concerning the issuance of plaintiffs' arrests, and any and all other documents concerning the Incident that are in plaintiffs' possession, custody or control.

**RESPONSE TO DOCUMENT REQUEST 2**

Plaintiffs refer defendants to their response to Document Request 1.

**DOCUMENT REQUEST 3.**        Produce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, social workers, and other counseling services, in plaintiffs' possession, custody, or control for treatment received by plaintiffs since the Incident and for the five years prior to the Incident, including treatment for any injury, whether psychological, physical, or emotional, resulting from the incident

**RESPONSE TO DOCUMENT REQUEST 3.**

Plaintiffs object to Document Request No. 3 on the grounds that it is vague, ambiguous, overly broad in time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, is overly intrusive and seeks medical information that is protected under the doctor-patient privilege, and to the extent is seeks documents not in plaintiffs' possession, custody or control. Notwithstanding, and without waiving the foregoing objections, plaintiffs refer defendants to the parties Initial Disclosures, and supplemental responses thereto.

**DOCUMENT REQUEST 4.**        Produce all photographs and other audio-visual materials documenting the Incident, and all injuries that resulted from the Incident, including injuries to person and property. Defendants request exact duplicates of the original photographs and audio-visual materials.

**RESPONSE TO DOCUMENT REQUEST 4.**

Subject to the general objections, Plaintiffs refer defendants to the video footage already  produced as part of plaintiffs' disclosures Bates Stamped P004.

**DOCUMENT REQUEST 5.**        Produce all documentation of damages that plaintiff alleges stem from the Incident, including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys' fees. Documentation includes, but is not limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.

**RESPONSE TO DOCUMENT REQUEST 5.**

Plaintiffs do not possess any responsive materials beyond those already produced. Plaintiffs are continuing to search for responsive materials.

**DOCUMENT REQUEST 6**        Produce all copies of all subpoenas served on any party, or any individual or entity concerning this litigation.

**RESPONSE TO DOCUMENT REQUEST 6.**

Plaintiffs do not have responsive material in their possession.

**DOCUMENT REQUEST 7.**

Produce all documents received in response to any subpoenas served.

**RESPONSE TO DOCUMENT REQUEST 7**.

See plaintiffs' response to defendants' Document Request 6.

**DOCUMENT REQUEST 8**.

Produce all documents that relate to all complaints made by plaintiff to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department

**RESPONSE TO DOCUMENT REQUEST 8**.

Plaintiffs presently possess no such documents.

**DOCUMENT REQUEST 9**.

If the plaintiff is claiming lost income in this action, produce Plaintiffs' federal and state income tax returns since the Incident and for the five years prior to the Incident.

**RESPONSE TO DOCUMENT REQUEST 9.**

Plaintiffs presently possess no such documents.

**DOCUMENT REQUEST 10**.

Produce all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiff's counsel, or anyone acting for or no behalf of plaintiff or plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff's counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff's counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel in this action.

**RESPONSE TO DOCUMENT REQUEST 10**.

Plaintiffs object to this Document Request on the grounds that it is premature. Notwithstanding and without waiving or in any way limiting the foregoing objections, plaintiffs will provide all required disclosures in accordance with the schedule for such production as established by the Court, as well as all applicable Local Rules and Federal Rules of Civil Procedure

**DOCUMENT REQUEST 11**

Complete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for five years prior to the Incident, including treatment for any injury resulting from the Incident.

**RESPONSE TO DOCUMENT REQUEST 11.**

Plaintiffs object to Document Request No. 11 on the grounds that it is overly broad in time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, seeks materials and information protected by the doctor/patient privilege, and because it seeks information that is otherwise private and confidential.

**DOCUMENT REQUEST 12**.

Complete and provide the annexed blank authorization access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. 160.50 and 160.55. Note that the authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

**RESPONSE TO DOCUMENT REQUEST 12**.

Plaintiffs object to Document Request 13 on the grounds that defendants are seeking access to records and information that are statutorily sealed, private, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting the foregoing objection, plaintiffs have already provided all unsealing authorizations as required by the EDNY's Local Rule 83.10.

**DOCUMENT REQUEST 13**.

Complete and provide the annexed blank authorizations for release of employment records for each of plaintiff's employers for the past ten (10) years

**RESPONSE TO DOCUMENT REQUEST 13**.

Plaintiffs object to Document Request No. 13 on the grounds that it is overly broad in time and scope, is unduly intrusive and harassing, is not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks information that is otherwise private and confidential.

**DOCUMENT REQUEST 14**.

Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiffs.

**RESPONSE TO DOCUMENT REQUEST 14**.

Plaintiffs refer defendants to their response to Document Request No. 13.

**DOCUMENT REQUEST 15**.

Complete and provide the annexed blank authorizations for insurance carriers with whom plaintiffs have made claims within the past ten (10) Years.

**RESPONSE TO DOCUMENT REQUEST 15**.

Plaintiffs refer defendants to their response to Document Request No. 13.

**DOCUMENT REQUEST 16**.

Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by plaintiffs

**RESPONSE TO DOCUMENT REQUEST 16**.

Plaintiffs refer defendants to their response to Document Request 11.

**DOCUMENT REQUEST 17.**

Complete and provide the annexed blank authorization for plaintiffs' Medicare and/or Medicaid records.

**RESPONSE TO DOCUMENT REQUEST 17.**

Plaintiffs refer defendants to their response to Document Request   11.

**DOCUMENT REQUEST 18**.

Complete and provide the annexed blank authorization for plaintiff's parole records, if plaintiff was on parole when the Incident occurred.

**RESPONSE TO DOCUMENT 19**.

Plaintiffs refer defendants to their response to Document Request 11.

Dated:     Brooklyn, New York
           March 5, 2018

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street Suite 2504
Brooklyn, New York 11241
(718) 852-3759
rameaulawny@gmail.com


*ATTORNEY FOR PLAINTIFF*