

**THE CITY OF NEW YORK**

## LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

CHRISTOPHER D. DELUCA
*Assistant Corporation Counsel*
Phone: (212) 356-3535
Fax: (212) 356-3509
Email: cdeLuca@law.nyc.gov

May 11, 2018

**BY HAND DELIVERY**
Amy Rameau
The Rameau Law Firm
16 Court Street
Suite 2504
Brooklyn, New York 11241

Re:    Raymond Tavares, et al., v. City of New York, et al., 17-cv-05221 (KAM) (RLM)

Ms. Rameau:

I write in light of deficiencies in plaintiffs' responses to Defendants' First Set of Interrogatories and Request for Production of Documents (hereinafter "Defendants' First Discovery Requests"), served on December 16, 2017, and in Plaintiffs' Initial Disclosures.

As an initial matter, plaintiffs' computation of damages in their Initial Disclosures is wholly deficient. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), initial disclosures must include, among other things, "a computation of each category of damages claimed by the disclosing party." The computation of damages "requires both **a dollar amount sought** and some analysis explaining how that figure was arrived at." See Thompson v. Jam. Hosp. Med. Ctr., No. 13-CV-1896 (RWS), 2015 U.S. Dist. LEXIS 79960, at *7 (S.D.N.Y. June 19, 2015); see also Kintetsu World Express (USA), Inc. v. Johnson Controls Inc., No. 14-CV-4947 (KAM) (RLM), 2015 U.S. Dist. LEXIS 169190, at *18 (E.D.N.Y. Dec. 17, 2015) ("plaintiffs are reminded of their obligations under Rule 26(a) to provide defendant with their computation of damages (including any amended computation as discovery progresses), or else risk preclusion of the same at trial."). Moreover, Rule 26(e) of the Federal Rules of Civil Procedure requires a disclosing party to timely supplement or correct its initial disclosures. Rule 26 also requires each plaintiff to provide "documents or other evidentiary material" in which each computation is based. Plaintiffs' computation of damages merely stated:

(i)     Compensatory damages in an amount to be determined by a jury;
(ii)    Punitive damages in in an amount to be determined by a jury; and
(iii)   Reasonable attorneys' fees and costs.

Please provide an updated computation of damages for <u>each plaintiff</u>, with the proper information and documentation of those damages.

Additionally, defendants note that plaintiffs' objections to each discovery request were general, boilerplate, and not raised with the specificity required by Rules 33 and 34 of the Federal Rules of Civil Procedure. Thus, all of plaintiffs' objections, excluding those to privilege, are waived. <u>See e.g.</u>, <u>Leibovitz v. City of New York</u>, No. 15 Civ. 546 (LGS) (HBP), 2017 U.S. Dist. LEXIS 15662, at \*6 (S.D.N.Y. Feb. 3, 2017) (striking objections to discovery demands because they were general and boilerplate).

**I.    <u>Deficiencies Related to Interrogatory Responses</u>**

**Interrogatory No. 1** requested plaintiff "identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness." In response, plaintiffs objected "on the grounds that the use of the term "Incident" is vague and ambiguous and unintelligible in part." Plaintiffs further responded by identifying "witnesses listed in plaintiffs and defendants' Initial Disclosures and discovery responses" and that "plaintiffs will supplement this response to the extent additional witnesses' identities become known." This response is deficient. At the initial settlement conference held on February 27, 2018, plaintiffs' counsel brought and allowed the undersigned to view video surveillance depicting a portion of the Incident described in the complaint. The video depicted an individual standing on the sidewalk next to who is believed to be plaintiff Tito Kee. However, plaintiffs' Initial Disclosures and Discovery Responses do not list this individual. Please provide all contact information for the individual standing next to Tito Kee depicted in the video surveillance, including home and business addresses and telephone numbers.

**Interrogatory No. 4** requested that plaintiffs "identify all injuries claimed by plaintiffs, as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any." Interrogatory No. 4 further requested "for each such treatment received, identify the provider who rendered the treatment to plaintiffs" and "if no treatment was provided for any claimed injury, so state." In response to this inquiry, plaintiffs objected "to this interrogatory on the grounds that it is beyond the scope permissible under Local Rule 33.3." This response is deficient. Because the First Amended Complaint alleges physical injuries, plaintiffs must provide a response in writing to this request and supplement this response.

**Interrogatory No. 5** requested that plaintiffs "identify all economic injuries claimed, including expenditures for medical, psychiatric, or psychological treatment, and lost income; property damage; and attorneys' fees, and to identify the specific amounts claimed for each injury." In response, plaintiffs objected "on the grounds that it is beyond the scope permissible under Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs further responded by stating "plaintiffs are still seeking responsive information in terms of any and all receipts for the damaged property and outstanding medical bills or demands for payment for medical services provided that may be asserted in the future." Plaintiffs further responded by stating "plaintiffs will also incur future medical costs and expenses in amounts not yet known or knowable by plaintiffs." This response is deficient. As a preliminary matter, requested information and/or documents are not reasonably

calculated to lead to the discovery of admissible evidence, is not a proper objection. Any "claim that the evidence cannot be used at trial is a non-sequitur. Rule 26 expressly provides that that is not the test." Fryar v. City of New York, No. 10-CV-5879 (BMC), slip op. at 2 (E.D.N.Y. May 4, 2011). Furthermore, in the months since Plaintiffs served their responses, no expenses have been identified with specificity and no documents have been produced regarding these expenses. Please supplement the responses to these requests and identify the specific amounts claimed for each injury by each plaintiff. Furthermore, to the extent that plaintiffs may wish, during or at the conclusion of this litigation, to assert economic expenditures for medical treatment, psychological or psychiatric treatment, or lost income, plaintiffs have expressly waived such.

**Interrogatory No. 6** requested that plaintiffs identify "employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment." In response, plaintiffs "objected on the grounds that it is beyond the scope permitted by Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence." This response is deficient and non-responsive to the interrogatory. Requested information and/or documents are not reasonably calculated to lead to the discovery of admissible evidence, is not a proper objection. Any "claim that the evidence cannot be used at trial is a non-sequitur. Rule 26 expressly provides that that is not the test." Fryar v. City of New York, No. 10-CV-5879 (BMC), slip op. at 2 (E.D.N.Y. May 4, 2011). Additionally, plaintiffs' employment, or lack thereof, is relevant to their motivation for bringing this action and, for that reason, to their credibility as witnesses. Please supplement this response by providing the requested information.

**Interrogatory No. 7** requested that plaintiffs "identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiffs within the past ten (10) years." In response, plaintiffs objected "on the grounds that it is beyond the scope permitted by Local Rule 33.3, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this Interrogatory seeks highly personable and private information wholly unrelated to this action, some or all of which is covered by the doctor/patient privilege." This response is deficient. Requested information and/or documents are not reasonably calculated to lead to the discovery of admissible evidence, is not a proper objection. Any "claim that the evidence cannot be used at trial is a non-sequitur. Rule 26 expressly provides that that is not the test." Fryar v. City of New York, No. 10 Civ. 5879 (BMC), slip op. at 2 (E.D.N.Y. May 4, 2011). Furthermore, as both plaintiffs are claiming they suffered injuries resulting from the Incident, defendants are entitled to review plaintiffs' prior medical records including records from counseling services to determine whether they may have suffered from any pre-existing injury or condition. This is directly relevant to the claims and damages in this action and necessary in this case. See FED. R. CIV. P. 26 (b)(1). As such, any medical treatment provided to plaintiffs over the last ten years is relevant and necessary to determine the nature, extent, and cause of plaintiffs' alleged injuries and any alternate theories of causation. If plaintiffs sought medical or psychological treatment for other injuries and not for the instant matter, it would go to the extent of plaintiffs' current alleged injuries. See, e.g., Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.) (compelling plaintiff to identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident); Schenk v. City of New York, No. 08-CV-914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling

plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases"). Please identify information regarding any medical providers that may have rendered treatment to plaintiffs within the past ten years, and not just medical providers that have treated plaintiff relevant to the Incident.

**Interrogatory No. 8** requested that plaintiffs answer whether they have "applied for worker's compensation within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided worker's compensation benefits to plaintiffs." In response, plaintiffs referred "defendants to their response to Interrogatory 6." This response is deficient and non-responsive to the interrogatory. Requested information and/or documents are not reasonably calculated to lead to the discovery of admissible evidence, is not a proper objection. Any "claim that the evidence cannot be used at trial is a non-sequitur. Rule 26 expressly provides that that is not the test." Fryar v. City of New York, No. 10 Civ. 5879 (BMC), slip op. at 2 (E.D.N.Y. May 4, 2011). This information is relevant to assess whether plaintiffs had any pre-existing injuries or conditions before the date of the Incident. Furthermore, information regarding plaintiffs' income is relevant to their motivation for bringing this action and, for that reason, to their credibility as witnesses. Please supplement this response by providing the requested information.

**Interrogatory No. 9** requested that plaintiffs answer whether they have "applied for social security disability benefits within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiffs." In response, plaintiffs referred "defendants to their response to Interrogatory 7." This response is inadequate and deficient for reasons stated in Defendants' Notice of Deficiencies for Interrogatory No 8. As such, please provide the requested information.

**Interrogatory No. 10** requested that plaintiffs answer whether they have "applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided Medicare and/or Medicaid to plaintiffs." In response, plaintiffs referred "defendants to their response to Interrogatory 7." This response is inadequate and deficient for reasons stated in Defendants' Notice of Deficiencies for Interrogatory No 7. As such, please provide the requested information.

**Interrogatory No. 11** requested that plaintiffs answer whether they have "made claims with any insurance carrier for physical, mental or emotional injuries within the past ten (10) years? If so, identify each claim by date, injury, and insurance carrier." In response, plaintiffs referred "defendants to their response to Interrogatory 6." This response is deficient and non-responsive to the interrogatory. Furthermore, plaintiffs are referred to Defendants' notice of deficiency for Interrogatory No. 7.

**Interrogatory No. 13** requested that plaintiffs "[i]dentify each occasion on which plaintiffs have been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiffs were arrested, and the amount of time that plaintiffs spent incarcerated." In response, plaintiffs referred "defendants to their response to Interrogatory 7. This response is grossly deficient in that plaintiffs fail to provide any information regarding plaintiffs' prior arrests, the date of those arrests, the charges for which

plaintiffs were arrested, and the amount of time spent incarcerated. In light of the fact that plaintiffs are alleging damages from their purportedly false arrest and detention, plaintiffs' criminal history clearly falls within the bounds of potentially admissible evidence as their experience with the criminal justice system may raise credibility issues and/or will surely be relevant to the issue of damages. Fed. R. Civ. P. 26(b)(1). See, e.g., Cicero v. City of New York, No. 11-CV-0360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. Jul. 25, 2011). Thus, any prior arrests and incarcerations may demonstrate that plaintiffs' purported damages, particularly any damages for mental anguish attendant upon arrest and imprisonment, were mitigated by any prior incarcerations and encounters with the criminal justice system and, as such, defendants are entitled to this information. In fact, courts have granted a motion to compel these records in a false arrest case, and sanctioned plaintiff's counsel $200 for failing to produce them. See, e.g., Fryar v. City of New York, No. 10-CV-5879 (BMC), slip op. at 1 (E.D.N.Y. May 4, 2011). Please supplement the answer to Interrogatory No. 13 including the date of the arrest, arrest charges, and the amount of time plaintiffs were incarcerated.

**Interrogatory No. 14** requested that plaintiffs "[i]dentify each occasion on which plaintiffs have been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction." In response, plaintiffs referred "defendants to their response to Interrogatory No. 6. This response is grossly deficient and non-responsive to the interrogatory in that plaintiffs fail to provide any information regarding plaintiffs' prior convictions, the date of those convictions, the charges for which plaintiffs were convicted, and the amount of time spent incarcerated. In light of the fact that plaintiffs are alleging damages from their purportedly false arrest and detention, plaintiff's criminal history clearly falls within the bounds of potentially admissible evidence as their experience with the criminal justice system may raise credibility issues and/or will surely be relevant to the issue of damages. Fed. R. Civ. P. 26(b)(1). See, e.g., Cicero v. City of New York, No. 11-CV-0360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. Jul. 25, 2011). Thus, any prior convictions and incarcerations may demonstrate that plaintiffs' purported damages, particularly any damages for mental anguish attendant upon arrest and imprisonment, were mitigated by any prior incarcerations and encounters with the criminal justice system and, as such, defendants are entitled to this information. As such, please supplement the answer to Interrogatory No. 14.

**Interrogatory No. 15** requested that plaintiffs "[i]dentify each lawsuit to which plaintiffs have been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter." In response, plaintiffs referred "defendants to their response to Interrogatory No. 6." Plaintiffs' objection is non-responsive to the interrogatory. Plaintiffs fail to identify how many prior lawsuits they have brought, fail to identify the court the matter was brought in, fail to identify the docket or index number, and fail to indicate the disposition of the matter. Defendants request that plaintiffs provide a proper response to this request and supplement this response accordingly.

**Interrogatory No. 17** requested that plaintiffs "[i]dentify all treating physicians and other medical providers that plaintiffs intend to call at the time of trial." In response, plaintiffs objected "on the grounds that it is premature, and to the extent it seeks information protected by the attorney work-product privilege." This response is grossly deficient in that plaintiffs fail to provide any information regarding the identity of the "treating physicians" or their contact

5

information so that defendants can pursue discovery regarding any potential testimony. Plaintiffs have an ongoing discovery obligation under Rule 26(e) to provide names of parties with knowledge of information regarding the underlying lawsuit. Please confirm whether plaintiffs intend to call any physicians or medical providers at the time of trial and provide their names and contact information pursuant to Rule 26.

**Interrogatory No. 18** requested that plaintiffs "[i]dentify the experts that plaintiffs "expect to call at the time of trial, all correspondence between counsels for plaintiffs and any such experts, any notes taken by any such experts and provide all disclosures pursuant to Rule 26(a)(2)." In response, plaintiffs objected "on the grounds that it is premature, and to the extent it seeks information protected by the attorney work-product privilege." This response is deficient. Please identify the experts plaintiffs expect to call at trial and provide all correspondence between counsel for plaintiffs and all experts identified and any notes taken by any such experts and all disclosures required pursuant to Federal Rule 26(a)(2).

## II.     Deficiencies Related to Document Requests

**Document Request No. 3** requested that plaintiffs "[p]roduce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, social workers, and other counseling services, in plaintiffs' possession, custody, or control for treatment received by plaintiffs since the Incident and for the five years prior to the Incident, including treatment for any injury, whether psychological, physical, or emotional, resulting from the Incident." In response, plaintiffs objected "on the grounds that it is vague, ambiguous, overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence, is overly intrusive and seeks medical information that is protected under the doctor-patient privilege, and to the extent it seeks documents not in plaintiffs' possession, custody, or control. Notwithstanding, and without waiving the foregoing objections, plaintiffs refer defendants to the parties Initial Disclosures, and supplemental responses thereto." This response is deficient. Even though plaintiffs are claiming physical injuries as a result of the alleged Incident described in the complaint, plaintiffs have not produced any documentation regarding the extent of plaintiffs' injuries. Contrary to plaintiffs' claims, information about plaintiffs' medical history is directly relevant. As plaintiffs are claiming physical damages as a result of the Incident at issue in this case, defendants are entitled to any medical treatment plaintiffs have sought and received over the last ten years, as this information is necessary, proportional, and relevant to issues of causation and damages. See Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-23 (S.D.N.Y. 1994). Defendants are entitled to discover both the nature and extent of the injuries for which plaintiffs are pursuing damages, and whether any of these injuries, or similar injuries, could be attributed to other causes. See, e.g., Schenk v. City of New York, No. 08-CV-914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases."). Additionally, please identify any medical providers that plaintiffs received treatment from in the last 5 years as defendants are entitled to test whether these alleged injuries stem from causes other than the arrest at issue. See Consol. RNC Cases, 2009 U.S. Dist. LEXIS 40293, at *20-31 (S.D.N.Y. Jan. 8, 2009) (affirming Magistrate's Order compelling production of mental health records and dismissing claims for emotional distress as sanction for failure to produce records since plaintiffs alleged, *inter alia*, "severe emotional distress, emotional injuries,

psychological harm, mental anguish, mental injury, embarrassment, humiliation, shock, fright, and apprehension;" see also Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-23 (S.D.N.Y. 1994) ("[S]ince plaintiffs seek to prove that they have suffered emotional distress [as a result of defendants' actions] . . . defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not [related to the incident at issue in the litigation]"). Accordingly, please supplement these responses accordingly.

**Document Request No. 4** requested that plaintiffs "[p]roduce all photographs and other audio-visual materials documenting the Incident, and all injuries that resulted from the Incident, including injuries to person and property. Defendants request exact duplicates of the original photographs and audio-visual materials." In response, plaintiffs referred "defendants to the video footage already produced as part of plaintiffs' disclosures Bates Stamped P004." Even though defendants received the video footage plaintiffs refer to, plaintiffs still have not produced additional video footage which plaintiffs' counsel allowed the undersigned to view at the initial settlement conference on February 27, 2018. As such, please supplement this response and produce the additional video footage regarding the Incident in plaintiffs' possession.

**Document Request No. 5** requested that plaintiffs "[p]roduce all documentation of damages that plaintiffs allege stem from the Incident, including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys' fees. Documentation includes, but is not limited to paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties." In response, plaintiffs stated they "do not produce any responsive materials beyond those already produced" and that they "are continuing to search for responsive materials." However, to date, plaintiffs have not produced any material responsive to this request. Accordingly, please supplement these responses immediately with the appropriate documentation.

**Document Request No. 10** requested that plaintiffs provide "(a) all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiff's counsel, or anyone acting for or on behalf of plaintiff or plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff's counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff's counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel in this action." In response, plaintiffs objected "on the grounds that it is premature. Notwithstanding and without waiving or in any way limiting the foregoing objections, plaintiffs will provide all required disclosures in accordance with the schedule for such production as established by the Court, as well as all applicable Local Rules of Civil Procedure." This response is deficient. Please identify the experts plaintiffs expect to call at trial and provide all correspondence between counsel for plaintiffs and all experts identified and any notes taken by any such experts and all disclosures required pursuant to Federal Rule 26(a)(2).

**Document Request No. 11** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to,

records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident." Plaintiffs objected "on the grounds that it is overly broad in time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, seeks materials and information protected by the doctor/patient privilege, and because it seeks information that is otherwise private and confidential." This response is deficient. As plaintiffs are claiming they suffered physical injuries resulting from the Incident, defendants are entitled to review plaintiffs' prior medical records including records to determine whether they may have suffered from any pre-existing injury or condition. This is directly relevant to the claims and damages in this action and necessary in this case. See FED. R. CIV. P. 26 (b)(1). As such, any medical treatment provided to plaintiffs five years prior to the Incident is relevant and necessary to determine the nature, extent and cause of plaintiffs' alleged injuries and any alternate theories of causation. If plaintiffs sought medical treatment for other injuries and not for the instant matter, it would go to the extent of plaintiffs' current alleged injuries. See, e.g., Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.) (compelling plaintiff to identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident); Schenk v. City of New York, No. 08-CV-914 (SLT) (LB), Slip Op. at 1-2 (E.D.N.Y. July 17, 2009) (compelling plaintiff to produce all medical records for previous five years since "plaintiff put her medical records in issue by bringing this case and she must provide City defendants with access to these records by signing releases"). Please execute the attached releases correctly by providing the necessary authorizations for the requested medical providers and supplement this response. Furthermore, please provide authorization by checking question 9(b) of the relevant HIPAA form for individual health care providers to discuss health information with the Office of the Corporation Counsel.

**Document Request No. 12** requested that plaintiffs "[c]omplete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.[1]" In response, plaintiffs objected "on the grounds that defendants are seeking access to records and information that are statutorily sealed, private, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting the foregoing objection, plaintiffs have already provided all unsealing authorizations as required by EDNY's Local Rule 83.10." The release provided by plaintiffs is non-responsive to Document Request No. 12 and is therefore deficient. Since plaintiffs are asserting claims for false arrest, malicious prosecution, and excessive force, and seeking money damages pertaining to them, plaintiffs' prior and subsequent arrest history is important to an evaluation of their claims. Specifically, defendants submit that any prior or subsequent arrests and incarcerations may demonstrate that plaintiffs' purported damages, particularly to the extent plaintiffs claims any damages for mental anguish attendant to arrest and imprisonment, were mitigated by any prior or subsequent incarcerations and/or encounters with the criminal justice system. The release provided by plaintiffs is specific to the records relating

---

[1] Note that the authorization for access to plaintiffs' records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed to the Defendants' first request for production of documents differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

to the allegations contained in the underlying complaint and is therefore deficient and non-responsive to Document Request No. 12. Accordingly, please provide a properly executed release pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.

**Document Request No. 13** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for release of, employment records for each of plaintiffs' employers for the past ten (10) years." In response, plaintiffs objected "on the grounds that it is overly broad in time and scope, is unduly intrusive and harassing, is not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks information that is otherwise private and confidential." This response is deficient. Plaintiffs' employment, or lack thereof, is relevant to their motivation for bringing this action and, for that reason, to their credibility as witnesses. Accordingly, plaintiffs are requested to execute the requested authorizations enclosed for the past ten (10) years.

**Document Request No. 14** requested that plaintiffs "[c]omplete and provide the annexed blank authorization for the unemployment records, if any, of plaintiffs." In response, plaintiffs referred "defendants to their response to Document Request No. 13." This response is deficient. Plaintiffs' employment, or lack thereof, is relevant to their motivation for bringing this action and, for that reason, to their credibility as witnesses. Accordingly, plaintiffs are requested to execute the requested authorizations enclosed for the past ten (10) years.

**Document Request No. 15** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for insurance carriers with whom plaintiff has made claims within the past ten (10) years." In response, plaintiffs referred "defendants to their response to Document Request No. 13. This response is deficient. Since plaintiffs are claiming they suffered medical injuries as a result of their interaction with the New York City Police Department, access to plaintiffs insurance carrier records are directly relevant to the needs of this case in order to determine what, if any, prior and subsequent medical treatment plaintiffs received. Accordingly, please provide such. If plaintiffs did not have any insurance carriers within the last ten (10) years, please state so in writing.

**Document Request No. 16** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for the records of social security disability benefits, if any received by plaintiffs." In response, plaintiffs referred "defendants to their response to Document Request No. 11. This response is inadequate and deficient for reasons stated in Defendants' Notice of Deficiencies for Document Requests Nos. 13 and 14. As such, please provide the requested authorizations.

**Document Request No. 17** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for plaintiffs' Medicare and/or Medicaid Records." In response, plaintiffs referred "defendants to their response to Document Request No. 11. This response is deficient. Since plaintiffs are claiming that they suffered medical injuries as a result of their interaction with the New York City Police Department, access to plaintiffs' Medicaid and/or Medicare records are directly relevant to the needs of this case in order to determine what, if any, prior and subsequent medical treatment plaintiffs received. Accordingly, please provide such. If plaintiffs

have not received Medicaid and/or Medicare within the last ten (10) years, please state so in writing.

**Document Request No. 18** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for plaintiffs' parole records, if plaintiffs were on parole when the Incident occurred." In response, plaintiffs referred "defendants to their response to Document Request No. 11. This response is inadequate and deficient for reasons stated in Defendants' Notice of Deficiencies for Interrogatories No. 13 and 14. As such, please provide the requested authorizations.

**Document Request No. 19** requested that plaintiffs "[c]omplete and provide the annexed blank authorizations for plaintiffs' income tax records." Plaintiffs did not provide any responses to Document Request No. 19, nor have plaintiffs supplemented their responses to Defendants' Discovery Requests. As such, plaintiffs' responses to Document Request No. 19 are untimely, and any and all objections are now waived. Accordingly, plaintiffs are requested to supplement his response.

## III.  Conclusion

Please provide the information requested herein as soon as possible, but in any event no later than May 22, 2018, including the production of executed releases. Should you fail to timely provide this information, and executed releases, defendants may have no choice but to seek judicial intervention.

If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Christopher D. DeLuca
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                        Defendants
-------------------------------------------------------------------------x

**AUTHORIZATION TO
DISCLOSE MEDICAL
INFORMATION**

17-CV-05221 (KAM)
(RLM)

TO: _____
     NAME AND ADDRESS OF MEDICAL PROVIDER

     I authorize the use and disclosure of RAYMOND TAVARES'S health information as described below.

     **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire medical or hospital record of RAYMOND TAVARES (Date of Birth:_____ SS #:_____) who was examined or treated in your hospital or by you on or about_____.

     The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

     I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse.

     This information may be disclosed to and used by the following organization: The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

     I understand I have the right to revoke this authorization at any time. In understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this

authorization will expire on the following date, event or condition:_____.    If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

        I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:     New York, New York
            _____, 2017

                                _____
                                 RAYMOND TAVARES

STATE OF NEW YORK    )
                     : SS:
COUNTY OF _____  )

        On the _____ day of _____, 2017, before me personally came and appeared RAYMOND TAVARES, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                  _____
                                    NOTARY PUBLIC



**NYCHHC HIPAA Authorization to Disclose Health Information**

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION | SPECIFIC INFORMATION TO BE RELEASED: Information Requested_____ Treatment Dates from_____ to_____ |
|---|---|

| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT | INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request. |

☐ Alcohol and/or Substance Abuse Program Information     ☐ Mental Health Information

☐ Genetic Testing Information     ☐ HIV/AIDS-related Information

**REASON FOR RELEASE OF INFORMATION**

☐ Legal Matter   ☐ Individual's Request

☐ Other (please specify):_____

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)

☐ Event:_____     ☐ On this date:_____

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH, and/or CONFIDENTIAL HIV/AIDS RELATED INFORMATION, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY |
|---|
| Date Received:   Initials of HIM employee processing request: |
| Date Completed:   Comments: |



**OCA Official Form No.: 960**

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT,** except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9. (a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: _____

Include: *(Indicate by Initialing)*
_____ **Alcohol/Drug Treatment**
_____ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
     Initials      Name of individual health care provider
to discuss my health information with my attorney, or a government agency, listed here:

_____
(Attorney/ Firm Name or Government Agency Name)

| 10. Reason for release of information: <br> ☐ At request of individual <br> ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. **Authority** to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____    Date: _____
Signature of patient or representative authorized by law.

**Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

Instructions for the Use

of the HIPAA-compliant Authorization Form to

Release Health Information Needed for Litigation

This form is the product of a collaborative process between the New York State Office of Court Administration, representatives of the medical provider community in New York, and the bench and bar, designed to produce a standard official form that complies with the privacy requirements of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, to be used to authorize the release of health information needed for litigation in New York State courts. It can, however, be used more broadly than this and be used before litigation has been commenced, or whenever counsel would find it useful.

The goal was to produce a standard HIPAA-compliant official form to obviate the current disputes which often take place as to whether health information requests made in the course of litigation meet the requirements of the HIPAA Privacy Rule. It should be noted, though, that the form is optional. This form may be filled out on line and downloaded to be signed by hand, or downloaded and filled out entirely on paper.

When filing out Item 11, which requests the date or event when the authorization will expire, the person filling out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                     Plaintiffs,

                 -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                            Defendants
-------------------------------------------------------------------------x

17-CV-05221 (KAM)
(RLM)

**RELEASE FOR
PSYCHOTHERAPY
NOTES**

TO:   _____ [Health Care Provider]
       _____ [Address]
       _____ [City, State, Zip]

      Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, YOU ARE HEREBY AUTHORIZED AND DIRECTED to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of <u>all psychotherapy notes</u> of RAYMOND TAVARES (Date of Birth: _____ ; SS #: _____) who was examined or treated in your hospital or by you on or about _____.

      The reason for this release of information is (a) at the request of individual, or (b) _____. This authorization will terminate upon the resolution of my lawsuit. The aforementioned expiration date has not passed as this matter is ongoing.

      I have the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider listed above and to Zachary W. Carter, except to the extent that the provider listed above has taken action in reliance on this authorization. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Dated:     New York, New York
              _____, 2017

                                         _____
                                       RAYMOND TAVARES

STATE OF NEW YORK     )
                        :  SS:
COUNTY OF _____   )

      On the _____ day of _____, 2017, before me personally came and appeared RAYMOND TAVARES, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                          _____
                                       NOTARY PUBLIC

## DESIGNATION OF AGENT FOR ACCESS TO RECORDS
## SEALED PURSUANT TO NYCPL §§ 160.50 AND 160.55

I, Raymond Tavares, Date of Birth _____, SS# _____, NYSID # _____ pursuant to CPL §§ 160.50 and 160.55, hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom all records of any of my arrests may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to any and all of my arrests on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Signature

_____
Raymond Tavares

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF            )

On the _____ day of _____, 2017, before me personally came _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                                    Plaintiffs,

                          -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                                    Defendants
------------------------------------------------------------------------x

**RELEASE FOR
EMPLOYMENT
RECORDS**

17-CV-05221 (KAM) (RLM)

TO:      _____
              NAME AND ADDRESS OF EMPLOYER

              **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire
employment record, including but not limited to the application, attendance records, disciplinary
records, performance evaluations, workers' compensation records, medical records/nurses
records, and/or any doctors notes, and psychiatric/psychological records of RAYMOND
TAVARES (Date of Birth:_____; SS #:_____), employed by you from
_____ until _____.

Dated:      New York, New York
                _____, 2017

                                          _____
                                          RAYMOND TAVARES

STATE OF NEW YORK          )
                                            :  SS:
COUNTY OF _____    )

              On the _____ day of _____, 2017, before me personally came and
appeared RAYMOND TAVARES, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that he
executed the same.

                                          _____
                                          NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                                    Defendants

-------------------------------------------------------------------------x

**UNEMPLOYMENT
RECORDS RELEASE**

17-CV-05221 (KAM)
(RLM)

TO: DEPARTMENT OF LABOR

          **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of
RAYMOND TAVARES (Date of Birth:_____; SS #:_____), who received
unemployment benefits from _____ to _____.

          The unemployment file authorized for release includes, but is not limited to, any
and all applications, determinations, correspondence, payments or credits made to such person.

          The information is sought for the purpose of _____
and will be used solely for this purpose.

Dated:          New York, New York
                    _____, 2017


                                                    _____
                                                    RAYMOND TAVARES


STATE OF NEW YORK          )
                                          :  SS:
COUNTY OF _____          )

          On the _____ day of _____, 2017, before me personally came and
appeared RAYMOND TAVARES, to me known and known to me to be the individual described
in and who executed the foregoing instrument, and who duly acknowledged to me that he
executed the same.


                                                    _____
                                                    NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

<table>
<tr><td></td><td><strong>MEDICARE RECORDS</strong></td></tr>
<tr><td>Plaintiffs,</td><td><strong>RELEASE</strong></td></tr>
</table>

-against-                                        17-CV-05221 (KAM) (RLM)

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

Defendants
-----------------------------------------------------------------------------x

TO:     FOIA Service Center/FOIA Public Liaison
        Centers for Medicare Services
        26 Federal Plaza
        New York, NY 10278

        **YOU ARE HEREBY AUTHORIZED** and I hereby request you to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of RAYMOND TAVARES (Date of Birth:_____; SS #:_____), who received Medicare benefits from _____ to _____.

        The Medicare file authorized for release includes, but is not limited to, any and all applications, determinations, correspondence, payments or credits made to such person.

        This Authorization will expire at the conclusion of the above-captioned litigation.

        I understand that I have the right to revoke this authorization at any time. I must do so by writing to the same person(s) or class of persons that I directed this authorization to. The revocation will not apply to information that has already been released in response to this authorization.

        I understand that my refusal to authorize disclosure of my personal medical information will have no effect on my enrollment, eligibility for benefits, or the amount Medicare pays for the health services I receive.

I understand that information disclosed pursuant to this authorization may be re-disclosed by the recipient and may no longer be protected by law.

Dated:       New York, New York
             _____, 2017

                                    _____
                                    RAYMOND TAVARES


STATE OF NEW YORK        )
                         :  SS:
COUNTY OF _____    )

       On the _____ day of _____, 2017, before me personally came and appeared RAYMOND TAVARES, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                    _____
                                    NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                   Plaintiffs,

                 -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                Defendants
------------------------------------------------------------------------x

**RELEASE FOR
INSURANCE
CARRIER RECORDS**

17-CV-05221 (KAM) (RLM)

TO: _____

      NAME AND ADDRESS OF INSURANCE CARRIER

      **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of RAYMOND TAVARES (Date of Birth:_____; SS #:_____), who received benefits from your insurance company.

      The insurance carrier file authorized for release includes, but is not limited to, any and all applications, description of injuries, determinations, correspondence, payments or credits and all documents relating to such person's claim for insurance benefits.

Dated:     New York, New York
             _____, 2017

                              _____

                              RAYMOND TAVARES

STATE OF NEW YORK    )
                     : SS:
COUNTY OF _____   )

      On the _____ day of _____, 2017, before me personally came and appeared RAYMOND TAVARES, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                             _____

                            NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                    Defendants
--------------------------------------------------------------------x

**AUTHORIZATION FOR
STATE OF NEW YORK
DIVISION OF PAROLE
RECORDS**

17-CV-05221 (KAM)
(RLM)

        TO:    <u>STATE OF NEW YORK, DIVISION OF PAROLE</u>

            **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER, Corporation
Counsel of the City of New York, attorney for the defendant(s) in the above-captioned case, or to his
authorized representative, **<u>CERTIFIED COPIES</u>** of all records, created by, or in the possession of, the State
of New York Division of Parole for RAYMOND TAVARES (Date of Birth:_____ SS #:
_____).

Dated:        New York, New York
              _____, 2017

                                    _____
                                    RAYMOND TAVARES

STATE OF NEW YORK        )
                         :  SS:
COUNTY OF _____    )

            On the _____ day of _____, 2017, before me personally came and appeared
RAYMOND TAVARES, to me known and known to me to be the individual described in and who executed
the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                    _____
                                    NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                    Defendants
--------------------------------------------------------------------x

**AUTHORIZATION TO
DISCLOSE MEDICAL
INFORMATION**

17-CV-05221 (KAM)
(RLM)

TO: _____
        NAME AND ADDRESS OF MEDICAL PROVIDER

            I authorize the use and disclosure of TITO KEE'S health information as described
below.

            **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire medical
or hospital record of TITO KEE (Date of Birth:_____; SS #:_____) who was
examined or treated in your hospital or by you on or about_____.

            The medical record authorized for release includes any and all x-rays of said
person and any and all diagnostic tests, studies, or reports of examinations relating to such
person.

            I understand that the information in my health record may include information
relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human
immunodeficiency virus (HIV). It may also include information about behavioral or mental
health services, and treatment for alcohol, and drug abuse.

            This information may be disclosed to and used by the following organization:
The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

            I understand I have the right to revoke this authorization at any time.    In
understand if I revoke this authorization I must do so in writing and present my written
revocation to the health information management department.  Unless otherwise revoked, this

authorization will expire on the following date, event or condition:_____.    If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

          I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:     New York, New York
             _____, 2017

_____

            TITO KEE

STATE OF NEW YORK    )
                 : SS:
COUNTY OF _____   )

          On the _____ day of _____, 2017, before me personally came and appeared TITO KEE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____

            NOTARY PUBLIC



**NYCHHC HIPAA Authorization to Disclose Health Information**

**ALL FIELDS MUST BE COMPLETED**

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

NAME OF HEALTH PROVIDER TO RELEASE INFORMATION

SPECIFIC INFORMATION TO BE RELEASED:

Information Requested_____

Treatment Dates from_____ to_____

NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT

INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request.

☐ Alcohol and/or Substance Abuse Program Information     ☐ Mental Health Information

☐ Genetic Testing Information     ☐ HIV/AIDS-related Information

REASON FOR RELEASE OF INFORMATION

☐ Legal Matter     ☐ Individual's Request

☐ Other (please specify):_____

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)

☐ Event:_____     ☐ On this date:_____

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH, and/or CONFIDENTIAL HIV/AIDS RELATED INFORMATION, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |



OCA Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| | | |

| Patient Address |
|---|
| |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

14. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

15. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

16. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

17. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

18. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

19. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 20. Name and address of health provider or entity to release this information: |
|---|
| |

| 21. Name and address of person(s) or category of person to whom this information will be sent: |
|---|
| |

22.    (a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: _____

Include: *(Indicate by Initialing)*

_____ **Alcohol/Drug Treatment**
_____ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here_____ I authorize _____
        Initials                                    Name of individual health care provider
to discuss my health information with my attorney, or a government agency, listed here:

_____
(Attorney/ Firm Name or Government Agency Name)

| 23. Reason for release of information: ☐At request of individual ☐Other: | 24. Date or event on which this authorization will expire: |
|---|---|
| 25. If not the patient, name of person signing form: | 26. **Authority** to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____        Date: _____
Signature of patient or representative authorized by law.

**Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

Instructions for the Use

of the HIPAA-compliant Authorization Form to

Release Health Information Needed for Litigation

This form is the product of a collaborative process between the New York State Office of Court Administration, representatives of the medical provider community in New York, and the bench and bar, designed to produce a standard official form that complies with the privacy requirements of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, to be used to authorize the release of health information needed for litigation in New York State courts. It can, however, be used more broadly than this and be used before litigation has been commenced, or whenever counsel would find it useful.

The goal was to produce a standard HIPAA-compliant official form to obviate the current disputes which often take place as to whether health information requests made in the course of litigation meet the requirements of the HIPAA Privacy Rule. It should be noted, though, that the form is optional. This form may be filled out on line and downloaded to be signed by hand, or downloaded and filled out entirely on paper.

When filing out Item 11, which requests the date or event when the authorization will expire, the person filling out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                          Plaintiffs,

-against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                      Defendants
--------------------------------------------------------------------------x

17-CV-05221 (KAM)
(RLM)

**RELEASE FOR
PSYCHOTHERAPY
NOTES**

TO:    _____ [Health Care Provider]
         _____ [Address]
         _____ [City, State, Zip]

        Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, YOU ARE HEREBY AUTHORIZED AND DIRECTED to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of <u>all psychotherapy notes</u> of TITO KEE (Date of Birth: _____; SS #: _____) who was examined or treated in your hospital or by you on or about _____.

        The reason for this release of information is (a) at the request of individual, or (b) _____. This authorization will terminate upon the resolution of my lawsuit. The aforementioned expiration date has not passed as this matter is ongoing.

        I have the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider listed above and to Zachary W. Carter, except to the extent that the provider listed above has taken action in reliance on this authorization. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Dated:    New York, New York
           _____, 2017

                                          _____
                                          TITO KEE

STATE OF NEW YORK      )
                        : SS:
COUNTY OF _____   )

        On the _____ day of _____, 2017, before me personally came and appeared TITO KEE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                 _____
                                 NOTARY PUBLIC

## DESIGNATION OF AGENT FOR ACCESS TO RECORDS
## SEALED PURSUANT TO NYCPL §§ 160.50 AND 160.55

I, Tito Kee, Date of Birth _____, SS# _____, NYSID # _____ pursuant to CPL §§ 160.50 and 160.55, hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom all records of any of my arrests may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to any and all of my arrests on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Signature

_____
Tito Kee

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF            )

On the _____ day of _____, 2017, before me personally came _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                      Plaintiffs,

              -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                          Defendants
-----------------------------------------------------------------------x

**RELEASE FOR
EMPLOYMENT
RECORDS**

17-CV-05221 (KAM) (RLM)

TO: _____

      NAME AND ADDRESS OF EMPLOYER

              **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire
employment record, including but not limited to the application, attendance records, disciplinary
records, performance evaluations, workers' compensation records, medical records/nurses
records, and/or any doctors notes, and psychiatric/psychological records of TITO KEE (Date of
Birth:_____; SS #:_____), employed by you from _____ until _____.

Dated:      New York, New York
             _____, 2017


                              _____
                              TITO KEE


STATE OF NEW YORK    )
                      : SS:
COUNTY OF _____    )

              On the _____ day of _____, 2017, before me personally came and
appeared TITO KEE, to me known and known to me to be the individual described in and who
executed the foregoing instrument, and who duly acknowledged to me that he executed the same.


                          _____
                         NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                        Plaintiffs,

                  -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                     Defendants
------------------------------------------------------------------------x

**UNEMPLOYMENT
RECORDS RELEASE**

17-CV-05221 (KAM)
(RLM)

TO: <u>DEPARTMENT OF LABOR</u>

              **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of
TITO KEE (Date of Birth:_____; SS #:_____), who received unemployment
benefits from _____ to _____.

              The unemployment file authorized for release includes, but is not limited to, any
and all applications, determinations, correspondence, payments or credits made to such person.

              The information is sought for the purpose of _____
and will be used solely for this purpose.

Dated:     New York, New York
              _____, 2017


                                  _____
                                TITO KEE


STATE OF NEW YORK     )
                      : SS:
COUNTY OF _____   )

              On the _____ day of _____, 2017, before me personally came and
appeared TITO KEE, to me known and known to me to be the individual described in and who
executed the foregoing instrument, and who duly acknowledged to me that he executed the same.


                              _____
                             NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                     Plaintiffs,

                -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                     Defendants

-------------------------------------------------------------------x

**MEDICARE RECORDS
RELEASE**

17-CV-05221 (KAM) (RLM)

TO:    FOIA Service Center/FOIA Public Liaison
          Centers for Medicare Services
          26 Federal Plaza
          New York, NY 10278

       **YOU ARE HEREBY AUTHORIZED** and I hereby request you to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of TITO KEE (Date of Birth:_____; SS #:_____), who received Medicare benefits from _____ to _____.

       The Medicare file authorized for release includes, but is not limited to, any and all applications, determinations, correspondence, payments or credits made to such person.

       This Authorization will expire at the conclusion of the above-captioned litigation.

       I understand that I have the right to revoke this authorization at any time. I must do so by writing to the same person(s) or class of persons that I directed this authorization to. The revocation will not apply to information that has already been released in response to this authorization.

       I understand that my refusal to authorize disclosure of my personal medical information will have no effect on my enrollment, eligibility for benefits, or the amount Medicare pays for the health services I receive.

I understand that information disclosed pursuant to this authorization may be re-disclosed by the recipient and may no longer be protected by law.

Dated:          New York, New York
                _____, 2017


                                    _____
                                    TITO KEE


STATE OF NEW YORK          )
                           :  SS:
COUNTY OF _____      )


            On the _____ day of _____, 2017, before me personally came and appeared TITO KEE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.


                           _____
                           NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                              Plaintiffs,

              -against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                            Defendants
------------------------------------------------------------------------x

**RELEASE FOR
INSURANCE
CARRIER RECORDS**

17-CV-05221 (KAM) (RLM)

TO: _____

      NAME AND ADDRESS OF INSURANCE CARRIER

           **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire file of
TITO KEE (Date of Birth:_____; SS #:_____), who received benefits from your
insurance company.

           The insurance carrier file authorized for release includes, but is not limited to, any
and all applications, description of injuries, determinations, correspondence, payments or credits
and all documents relating to such person's claim for insurance benefits.

Dated:      New York, New York
           _____, 2017

                                   _____
                                   TITO KEE

STATE OF NEW YORK     )
                      : SS:
COUNTY OF _____  )

           On the _____ day of _____, 2017, before me personally came and
appeared TITO KEE, to me known and known to me to be the individual described in and who
executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                _____
                            NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND TAVARES AND TITO KEE,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, Detective RUDY
ANZALONE, Shield No. 5617, Police Officer JOHN DOE
ONE through TEN in their individual and official
capacities as employees of the City of New York,,

                                    Defendants
------------------------------------------------------------------------x

**AUTHORIZATION FOR
STATE OF NEW YORK
DIVISION OF PAROLE
RECORDS**

17-CV-05221 (KAM)
(RLM)

      TO:    <u>STATE OF NEW YORK, DIVISION OF PAROLE</u>

              **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendant(s) in the above-captioned case, or to his authorized representative, **CERTIFIED COPIES** of all records, created by, or in the possession of, the State of New York Division of Parole for TITO KEE (Date of Birth:_____ SS #: _____ ).

Dated:      New York, New York
                _____, 2017

                                        _____
                                        TITO KEE

STATE OF NEW YORK     )
                      : SS:
COUNTY OF _____  )

              On the _____ day of _____, 2017, before me personally came and appeared TITO KEE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                                        _____
                                      NOTARY PUBLIC