**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**RAYMOND TAVARES and TITO KEE,**

                             **Plaintiffs,**

             **-against-**

**THE CITY OF NEW YORK, et al.,**

                         **Defendants.**
------------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**17-CV-5221 (KAM)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is defendants' motion to compel discovery from plaintiffs and to reopen discovery, which closed on June 15, 2018. <u>See</u> Motion to Compel (June 13, 2018) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #22. As noted below, some of the discovery sought by defendants has now been belatedly furnished by plaintiffs in response to defendants' motion to compel. <u>See generally</u> Response in Opposition (June 18, 2018) ("Pl. Opp."), DE #23. Despite the tardy nature of plaintiffs' disclosures, they ask that they be "awarded legal fees for the time expended in this motion practice." <u>Id.</u> at 4. Even if plaintiffs had filed their request in compliance with this Court's Individual Rules,[1] their request for fees would be swiftly rejected.

       The Court further rules as follows:

       1. Defendants' request for an updated computation of damages for each plaintiff, with supporting documentation: In responding to defendants' motion, plaintiffs now represent that they

---

[1] Any request for judicial action must be docketed into the ECF court file as a motion event. In addition, absent permission from the Court, discovery disputes must be addressed in letters not exceeding three pages. Defense counsel likewise has ignored the Court's Individual Rules, by filing an unauthorized reply in connection with a discovery dispute. <u>See</u> Reply (June 20, 2018) ("Def. Reply"), DE #24.

"do not seek lost earnings, special damages, or other types of damages that can readily be calculated, other than $3,000 to compensate [plaintiff] Tito Kee for the cost incurred in retaining criminal defense counsel, for which we are attempting to obtain documentation that we will produce promptly." Pl. Opp. at 1. Plaintiffs should have promptly served supplemental initial disclosures updating their damages calculations, rather than simply awaiting a motion to compel. Plaintiffs are directed to serve, by June 29, 2018, a formal supplemental computation of damages as to each plaintiff, along with any and all supporting documentation.

2. The identity of the eyewitnesses: Defendants acknowledge that, in response to the pending motion to compel, this information has now been disclosed. See Def. Reply at 2.

3. Information and authorizations for all medical treatment received by plaintiff Kee over the past ten years: Plaintiff Tito Kee has asserted a cause of action for excessive force and is claiming resulting physical injuries. Defendants have reportedly received his medical records from Richmond University Medical Center, relating to treatment on the date of the incident, wherein he complained only of back pain. See Def. Reply at 2. Kee now contends that "his injuries are limited to swelling and bruising around the facial area." Pl. Opp. at 2. Despite the limited extent of the injuries alleged, defendants seek medical records and information regarding any treatment whatsoever over the past ten years.[2]

Plaintiffs counter that defendants' demands are "grossly overbroad[,]" and this Court agrees. See Pl. Opp. at 2. That said, plaintiffs have not proposed a more limited scope of disclosure. Furthermore, while they imply that Kee's only injury was to his face, see id., they do

---

[2] Defendants also sought psychiatric and psychological records and information. See Def. Motion at 2-3. Plaintiffs opposed this request on the ground that plaintiffs are claiming only "garden variety emotional distress injuries." Pl. Opp. at 3. As defendants' reply references only medical records and treatment, and is silent as to discovery regarding emotional injuries, defendants are deemed to have abandoned this aspect of their request, and plaintiffs are deemed to have waived any claim of emotional distress other than the garden-variety type.

not address the fact that, according to defendants, the medical records from the date of the incident reflect a diagnosis of back strain and contain no notation of any complaint of bruising or swelling to Kee's face, see Def. Reply at 2.

Under the circumstances, the Court orders plaintiffs, by June 29, 2018, to respond to defendants' demands for information and documentation (including HIPAA authorizations) regarding medical treatment for injuries or conditions to Kee's face, head and/or back for the past five years. See, e.g., Kunstler v. City of New York, No. 04CIV1145(RWS)(MHD), 2006 WL 2516625, at *3-4 (S.D.N.Y. Aug. 29, 2006), adopted, 242 F.R.D. 261 (S.D.N.Y. 2007). In lieu of providing such information and evidence regarding back problems, Kee may, by that same date, stipulate that he waives any claim that the alleged assault resulted in injury to his back.

4. Video surveillance: It appears that the only outstanding issue regarding plaintiffs' production of photographs and audiovisual materials is defendants' demand for a clearer copy of the video surveillance that plaintiffs' counsel displayed at the settlement conference. See Def. Reply at 2-3. Plaintiffs assert that "[h]ad counsel contacted us about the videos, we would have gladly provided him with a new copy." Pl. Opp. at 3. This issue should have been resolved between counsel without the Court's intervention. Plaintiffs are directed to provide a new copy by June 29, 2018.

Scheduling: With plaintiffs' consent, discovery is extended to August 13, 2018, for the limited purpose of completing the discovery discussed above and any previously noticed depositions. Requests for a premotion conference are due by August 20, 2018. Alternatively, the parties shall serve and file their Joint Pretrial Order ("JPTO"), in compliance with Judge Matsumoto's Individual Rules, pursuant to the following schedule: Plaintiffs' portions shall be served by August 27, 2018; defendants' portions shall be served by September 4, 2018; the

combined JPTO shall be docketed into the court file by September 7, 2018.

       **SO ORDERED.**

**Dated:**     **Brooklyn, New York**
            **June 25, 2018**

                /s/ *Roanne L. Mann*
                **ROANNE L. MANN**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**